## BLACK ET AL. V. BLACK.

1. 'Title Bond: ADMINISTRATOR: FORECLOSURE.   Where the obligee of
a bond for a deed had assigned the same to his minor sons, it was at
the option of the obligor, after the obligee's death, either to enforce his
lien upon the land or file his claim as a general creditor of the estate.

2. ——: ——: ——.   After the obligor had obtained a decree of
foreclosure, he filed a petition asking that his judgment be paid out
of the proceeds of the estate:   *Held*, that his share of the money real-
ized from the estate should be applied in satisfaction of the judgment
and should operate, *pro tanto*, to discharge it.

### *Appeal from Iowa Circuit Court.*

FRIDAY, DECEMBER 11.

MARY ANN BLACK, one of the plaintiffs, is the widow of
Dominick Black, deceased, and Wetherell, the other plaintiff,
is a creditor of his estate; the defendant is the administrator.

The petition alleges the relations of the parties, and shows
that Wetherell holds certain notes against the estate that have
been allowed by the administrator and the court as valid
claims; that the notes were given for land purchased from
Wetherell by decedent during his life time, who received a
bond for a deed to be executed upon payment of the notes,
and, after the allowance of this claim, Wetherell foreclosed
the title bond and recovered a judgment on the notes, and the
land was ordered to be sold thereon.   The petition shows that
the defendant has certain moneys in his hands, and it is prayed
that he be required to apply the same, or a *pro rata* portion
thereof, upon Wetherell's claim.

The answer, among other things, shows that the bond given
to decedent in his lifetime for a conveyance of the lands was
assigned to two of his minor heirs, who still hold the same.
The assignment is set out, and is in the ordinary form, and
authorizes the assignees to procure a deed for the land.   The
administrator resisted the relief sought in plaintiff's petition,
and asked that Wetherell be required to exhaust the real estate

upon which his judgment of foreclosure of the bond was a lien.

The court directed the administrator to pay Wetherell his *pro rata* share of the money realized from the property of the estate, and that such payment should operate as an assignment, *pro tanto*, to the administrator of the judgment covered by Wetherell.

The plaintiffs appeal from that part of the order of the court which directs that payment to Wetherell shall operate as an assignment *pro tanto* of the judgment.

*Clark & Haddock*, for appellants.

No appearance for appellee.

Beck, J.—No question is raised as to the correctness of the order requiring payment to be made to Wetherell; objection is only made to this condition prescribed by the order, namely, that the judgment should be transferred, *pro tanto*, upon the payment.

There was no evidence offered, other than the assignment and bond, pertinent to the point raised. It cannot be doubted that the creditor, at his option, could enforce his claim either against the land or come in as a general creditor of the estate. *Allen v. Moer*, 16 Iowa, 307. If he sought his remedy against the estate upon the notes, in case the land had been transferred by the deceased in his lifetime, we are unable to see any grounds upon which the administrator could claim a remedy against the lands in the absence of proof that the purchaser had undertaken to pay the debt. A transfer of the bond as a conveyance of the land, without more, would not imply a contract on the part of the transferee or grantee to pay the sum imposed and secured by the bond. This undoubtedly is the general rule. The fact that the deceased transferred the bond to his children, will not alone, defeat its application in this case. There is no showing of an agreement or an intention of the parties concerned that the debt of the deceased should be paid out of the property, which, upon the assignment of the bond, became in equity theirs, and that he should have

recourse upon them in case payment was enforced against him. His death does not change the rights of the parties. In conflict with these principles and the facts of the case, the judgment of the Circuit Court subjects the land of the children to the payment of decedent's debt. It is in that respect erroneous.

That part of the judgment providing that payment upon Wetherell's claim by the administrator shall operate, *pro tanto*, as a transfer of the judgment held by him, is reversed. The payment will operate to discharge the judgment *pro tanto*.

REVERSED.