## SHARPLESS v. GREGG.

1. **Conveyance:** ADMINISTRATOR. Where a father conveyed to his sons, with covenants of warranty, certain realty upon which there were incumbrances, *held*, that after his death the incumbrances were debts of his estate and not of his grantees.

*Appeal from Johnson Circuit Court.*

THURSDAY, APRIL 19.

THE facts of this case briefly stated are as follows: C. H. Berryhill made two certain deeds of conveyance, each for the consideration of one dollar and love and affection, and with covenants of warranty, without exception, or reference to existing incumbrances. One of said deeds was made to his son Samuel L. Berryhill. The property conveyed was certain real estate situated in Iowa City. At the time of the conveyance, which was dated March 18, 1873, the premises conveyed were incumbered by a mortgage, dated Sept. 30, 1871, properly recorded, given by C. H. Berryhill, payable to one Clapp, to

secure three promissory notes of $500 each, payable Oct. 1, 1873, 1874 and 1875, respectively, with interest at ten per cent. Interest was paid on each note to Oct. 1, 1872. No further payments of principal or interest have been made.

C. H. Berryhill became insane in September, 1873, and afterwards died.

The other deed was made to his son James G. Berryhill, dated August 25, 1873, which conveyed certain real estate in Iowa City. At the time of said conveyance, the premises conveyed were subject to a mortgage to E. C. Lyon, given by said C. H. Berryhill on the 17th day of May, 1871, to secure a promissory note of $3,000, of that date, payable in five years, with ten per cent semi-annual interest. Interest on said note was paid by C. H. Berryhill until he had become insane, and after that by his guardian and executors, to May 17, 1874.

After the decease of C. H. Berryhill, and within six months thereof, the said mortgage claims were filed as general claims against his estate.

The plaintiff, being administrator of the estate of C. H. Berryhill, presented his petition to the court below, setting forth the foregoing facts, and the further averment that he was about to make provision, by the sale of real estate, under the order of the court, for the payment of all just claims against the estate, and he prayed the decision of the court upon the question whether said mortgage claims should be paid by the administrator as other general claims, or whether said claimants should be remitted to their mortgage security.

There was an answer, or protest, of certain heirs of the estate, in which there is no denial of the facts above set forth, but they allege that the holders of the mortgages are not asking for payment from the general assets of the estate, but are pursuing the mortgaged property.

There was a hearing before the court, and an order was made that the administrator pay the mortgages in question from any money in his hands belonging to the estate.

The protestants, being heirs of C. H. Berryhill, appeal.

*Boal & Jackson*, *Fairall & Bonorden* and *Baker & Ball*, for appellants.

*Clark & Haddock*, for appellee.

ROTHROCK, J.—It will be observed that this is a contest between the heirs of decedent, and not between the grantees in the deeds and the mortgagees of the property conveyed by the deeds. There is no doubt as to the right of the mortgagees to proceed against the mortgaged property, if they so elect. It appears from the bill of exceptions that they had, at the time of hearing in the court below, commenced actions for the foreclosure of the mortgages.

1. CONVEY-
ANCE: admin-
istrator.

But this election or right of election, it seems to us, is an immaterial consideration in determining the question here presented. There is no claim made in the record that the estate is insolvent, and the only question to be determined is whether these mortgages are debts of the estate, or whether they are debts of the grantees in the deeds. That they are debts of the estate can admit of no doubt. That they are not the debts of the grantees of the deeds, containing as they do covenants against incumbrances, without exception, it seems to us is equally clear. We think the rights of the parties are to be controlled by the covenants in the deeds, and yet, if the intention of the decedent were an important consideration, what evidence is there of an intention that his children to whom he made these conveyances should pay these mortgages. The payment of interest up to the time he was stricken with insanity rather imports an intention to continue to pay his valid obligations in the form of promissory notes, for which no other person than himself was liable. See *Black v. Black*, 40 Iowa, 88.

AFFIRMED.