## TONER, Ex'R, v. COLLINS ET AL.

## BRAZILL v. TONER ET AL.

67  369
87  619

1. **Will**: DEVISE TO EXECUTORS IN TRUST FOR CHILDREN: CONSTRUC-
TION OF CONDITION—WHETHER CONDITION PRECEDENT TO TITLE
IN CHILDREN, OR CONDITION FOR TERMINATION OF TRUST. The
testator bequeathed to his executors, in trust for his children, certain
real estate, with the following provision, among others: "My said
executors shall have the management and control of said property by
me devised to them in trust for my said children, and they are to have
the control and management thereof until they shall get married; and
when any of my said children shall marry, with the consent of said
executors, any worthy person, then the part or portion of property
herein devised, or the proceeds thereof,    *    *    *    shall be and
become the property of said child so marrying, and my said executors
shall make the necessary conveyance thereof, so as to vest the absolute
title in said legatee." *Held* that the marrying of a child with the con-
sent of the executors was not a condition precedent to the vesting in
him or her of an interest in the estate, but only a condition for the ter-
mination of the trust as to one so marrying; and that the will, consid-
ered as a whole, vested in the children, upon the death of the testator,
a present equitable interest in the estate. Consequently, where one of
the daughters died at the age of twenty-two, unmarried, and bequeathed
to B. all her property, personal and real, and all her interest in her
father's estate, either as heir or devisee under his will, *held* that her
death terminated the trust as to the property bequeathed to the execu-
tors for her use, and they were properly decreed by the court below to
convey the legal title thereof to B.

2. **Estates of Decedents**: BEQUEST OF REAL ESTATE IN TRUST: SUB-
SEQUENT MORTGAGE OF REAL ESTATE: PAYMENT OUT OF GENERAL
ASSETS. Where a testator, after the execution of his will, in which he
bequeaths certain real estate to his executors in trust for each of his
children, mortgages a portion of such real estate, the mortgagee may
insist upon the sale of the mortgaged premises to pay the debt, but a
legatee of the mortgaged property may insist, as against the executor
and his co-legatees, upon the payment of the debt out of the general
assets of the estate.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 23.

MYLES COLLINS died at the city of Des Moines on the first

day of November, 1880. He left surviving him three child-
ren, Myles H. and Lizzie Collins and Katie Toner. On the
third of March preceding his death he executed a will, which
was duly admitted to probate on the twenty-second of Novem-
ber, 1880. At the date of the execution of the will his
children were all adults, and were unmarried. But between
that date and his death his daughter Katie was married to
Peter Toner, who is now the executor of the will. By the
will he disposed of all his real estate, and Thomas Flynn,
Michael Kenedy and Peter Toner are named therein as exec-
utors. None of these, however, except Peter Toner, qualified,
and he is now the sole executor of the estate. The several be-
quests of the will are made to the executors in trust for said
children; and it is provided therein that the executors shall
have the management and control of the property devised to
them until the children shall marry, and that, when any of said
· children shall marry with the consent of said executors, the por-
tion of property devised for his or her benefit, or the proceeds
thereof, shall become his or her property, and the executors
are required to make the conveyances thereof necessary to
vest the absolute title in the legatee. On the nineteenth day
of January, 1882, Lizzie Collins died. She was twenty-two
years old at the time of her death, was unmarried, and had
never asked the consent of either of the persons named as
executors in her father's will to her marriage. Before her
death she executed a will, by which she bequeathed to John
F. Brazill all of her property, personal and real, and all of
her interest and right in her father's estate, either as heir or
devisee under his will. This will has also been admitted to
probate. Peter Toner, as executor of the will of Myles Col-
lins, filed a petition in the circuit court, in which he alleged
that a controversy had arisen as to the effect of the will, and
he prayed the court to interpret it, and direct him how to
proceed with the distribution of the property, and especially
to instruct him whether or not said John F. Brazill is entitled
to the share of Lizzie Collins in the estate. Brazill also

brought an action against Toner and his wife, in which he prayed that he be adjudged to be the owner of the property devised to the executors in trust for Lizzie Collins, and that the executor be required to convey the same to him.    Myles H. Collins intervened in this action, and prayed that the executor be required to convey to him the portion of the property which, by his father's will, was bequeathed to the executors in trust for him, on the ground that the provision of the will which makes his marriage with the consent of the executors a condition of the devise is void as against public policy, being in restraint of marriage.    He also alleges that certain debts which have been established against the estate of his father are a lien upon the real estate devised for his benefit, and he prays that the executor be directed to pay the same out of the general estate.    The actions were consolidated in the circuit court, and the court adjudged that Brazill was the owner of the property devised by Myles Collins to his executors in trust for Lizzie Collins, and ordered that the executor convey the same to him.    It also adjudged that the executor was entitled to the control and management of the property devised in trust for Myles H. Collins.    It also directed the executor to sell an amount of the property of the estate sufficient for the payment of the debts which are a lien on the property devised to Myles H. Collins.    From this judgment all of the parties have appealed.

*Wright, Cummins & Wright*, for Peter Toner and wife.

*Marcus Kavanagh, Jr.*, and *Sickmon, Long & Parrott*, for John F. Brazill and Myles H. Collins.

REED, J.—The provisions of the will of Myles Collins which it is necessary to consider in determining the ques-

1. WILL: devise to executor in trust for children: construction of condition—whether condition precedent to title in children, or condition for termination of trust.

tions arising in the case are as follows: "*First.* I give, devise and bequeath to my executors, Thomas Flynn, Michael Kenedy and Peter Toner, all and singular my real estate owned by me, in trust, however, only for the express purpose hereinafter set forth: I give, devise and bequeath to my said executors in trust for my beloved son Myles Henry Collins the following described property: lot number six (6) in block A of Commissioners addition, now forming a part of the city of Des Moines.

"*Second.* I give and bequeath to my said executors, in trust for my beloved daughters Lizzie Collins and Katie Collins, to each an' undivided half of the following premises: The east half of lots three (3) and four (4) in block three (3) of West Des Moines, and a fractional part of lot number three (3) in block number twenty (20) of H. M. Hoxie's addition, now incorporated in and forming a part of the city of Des Moines; also the south sixteen (16) feet of lot number one (1) and all of lot number two (2) in block one of P. M. Scott's addition, now incorporated in and forming a part of the city of Des Moines.     *     *     *

" My said executors shall have the management and control of said property by me devised to them in trust for my said children, and they are to have the control and management thereof until they shall get married; and when any of my said children shall marry with the consent of said executors any worthy person, then the part or portion of property herein devised, or the proceeds thereof, as shall be provided for hereafter, shall be and become the property of said child so marrying, and my said executors shall make the necessary conveyance thereof so as to vest absolute title in said legatee. Should my said executors in their judgment deem it for the best interest of their wards to sell any of the wild land or the city property, they shall exercise that discretion applicable to their own affairs, and sell same, and the proceeds thereof they shall safely and profitably reinvest.

Or in case of sickness or other contingencies arising, so as to make it necessary in their judgment to sell or incumber any of the land or realty devised, they have the authority and right to do so, always, however, looking to the welfare and interest of their respective wards. In case any transfers are made as above contemplated, strict account shall be taken, and the party benefited thereby duly charged therewith."

The important question in the case is whether by this will a present estate in the property devised for their benefit is conferred upon the children of the testator. It is contended by counsel for the executor that the clause of the will, which provides that when any of said children shall marry with the consent of the executors the portion of the estate which is devised to the executors for the benefit of said child shall become his property, and be conveyed by the executors to him, creates a condition precedent to the vesting in him of any estate in the property so devised. It is conceded that, if this is the effect of the provision, the bequest for the benefit of Lizzie Collins must fail, and that the property covered by it falls into the general estate, to be disposed of as though no will had been made; for her death has rendered it impossible that the condition upon which the bequest depends should ever happen. If the intention of the testator was to be determined alone from the language of this clause of the will, the court would probably be compelled to give it the effect contended for by counsel, but it is a cardinal rule in the construction of wills that the purpose and intention of the testator is to be gathered from all of the provisions of the instrument. And we are of the opinion that, when the will in question is considered as a whole, it cannot be determined from its provisions that it was Myles Collins' intention to make the marriage of his children with consent of the executors a condition precedent to the vesting in them of an estate in the property devised to the executors for their use. The language of the various provisions of the instrument clearly evidences, we think, an intention by the

testator to make an absolute and final disposition of all of his real estate. The first clause of the will is a devise and bequest of all of his real estate to the executors in trust for the purposes thereinafter set forth, and, by the clauses immediately following, specific portions of the property are devised to them in trust for each of the children. The bequests are absolute. That is, the property is bequeathed absolutely to the executors in trust for the legatees. The legal title is conferred upon the executors, and they are given certain powers, and charged with certain duties, with reference to the property. They have power at their discretion to sell the whole, or any portion of it, with a view to the reinvestment of the proceeds. And they may, in case of the sickness of either of the children of the testator, make provision for his support out of the property devised for his use. The executors, however, have no beneficial interest or estate in the property. They hold the legal title simply for the legatees, and the powers with which they are clothed, and the duties which are imposed upon them with reference to the property, are all to be exercised for the benefit of the legatees. There is no bequest over. The will makes no provision for the disposition of the property covered by any of the bequests in case of the failure of any of the children to marry with the consent of the executors, or in case of their marriage without such consent. Clearly, we think, it was not the intention of the testator to make such marriage a condition precedent to the vesting of a beneficial estate in the property in the legatees. But the provision with reference to their marriage was inserted in the will for an entirely different purpose. Having by the preceding provision created a trust estate of which the executors are the trustees and his legatees the *cestui que trusts*, the testator inserted the clause in question for the purpose of creating a condition on the happening of which the trust should terminate, and the legatees be entitled to be clothed with the legal estate and the right to the control and management of the property. We

conclude, therefore, that the said Lizzie Collins was the owner of an equitable and beneficial estate in the property devised by her father to the executors in trust for her, and by her will this estate is conferred upon said John F. Brazill. And, as the relation of trustee and *cestui que trust*, created between her and the executors by her father's will, terminated necessarily at her death, her legatee is now entitled to be vested with the legal title to the property.

II. The holding that the provision of the will with reference to the marriage of the legatees is a condition for the termination of the trust created by the will, and not a condition precedent to the vesting of the estate in the legatees, disposes of the claim of Myles H. Collins that said provision is void as against public policy, for the ground of that claim is that the marriage of the legatee with consent of the executors is a condition of the bequest.

III. The debts which the executor, by the judgment of the circuit court, is directed to pay out of the general estate were created after the execution of the will, and were secured by mortgage on the property devised to Myles H. Collins. While the creditor has the right to subject the mortgaged property to the payment of the debt, as between the legatees there is no such right. The debt as between them is a claim against the estate, and should be paid out of the general assets of the estate, and not out of the particular property mortgaged to secure it. The judgment in this respect is supported by *Sharpless v. Gregg*, 45 Iowa, 649.

2. ESTATES of decedents: bequest of real estate in trust: subsequent mortgage of real estate: payment out of general assets.

AFFIRMED.