Sager, J.
 

 G. W. Noland made a will on the 27th day of January, 1923. At that time his wife and five children were living. By this testament he left to his wife a life estate in certain property.' The death of the widow removed her from the scene and she will not again be mentioned. There was devised to each of the children specific parcels of real estate, all free from encumbrance.
 

 On December 15, 1934, the testator gave a note of $3,000 to one of his sons securing it by a mortgage on the .land devised to William in whose behalf this action' was brought. This devisee was mentally incompetent at the time the will was made and remains so. By the terms of the will the son Ray, to whom the mortgage was given, was designated guardian. After his death, F. W. Ganoe, plaintiff-appellant herein, was substituted. The executors of the estate of Ray did not file, nor do they intend to, the note as a claim against the estate of the father. Appellant says this is in furtherance of a scheme on the part of the other devisees to make William’s devise bear the debt alone. Whether this be true or not is not important because, if they were proceeding within their legal rights, the motive behind their actions is immaterial.
 

 Plaintiff, by his application, asks that the executors of the estate of Ray W. Noland be required to file the note as a claim ; and that the court order that the devise to William be exonerated
 
 pro tanto
 
 by compelling the administratrix of the estate of G. W. Noland to pay the note and mortgage out of the general estate. The trial court denied the application. We think this was error. It should be stated that there is substantially no personal property in the estate — scarcely more than sufficient to pay funeral expenses and administration eosts.
 

 The question before us is easily stated thus: Where a testator, after making devises of specific parcels of property, later encumbers one parcel, must the latter bear the whole burden; or is he entitled to have the other devisees contribute toward its payment, there being no personal estate, no residuary devises and no intentions expressed in the will with reference thereto?
 

 
 *132
 
 It would be to no purpose to attempt to analyze the cases from other jurisdictions. Such members of the bar as may be interested are referred to notes to Smith v. Kibbe, 5 A. L. R. 483, at page 488; Fulenwider v. Birmingham Trust & Sav. Co., 72 A. L. R. 702, at page 709; Re Johnson, 120 A. L. R. 574, at page 577; and current supplements. There is conflict in the decisions of the various jurisdictions but our cases have committed us to the principles contended for by appellant. The case of Sharpless v. Gregg, 45 Iowa 649, is the first of these and is frequently cited as supporting the doctrine of exoneration of specific devises. It is not so in fact because it turns on the warranties on the deeds involved. Toner v. Collins, 67 Iowa 369, 375, 25 N. W. 287, 290, 56 Am. St. Rep. 346, held (on the authority of the Sharpless case) that a claim on a note secured by a mortgage should be paid out of the general estate. We there said:
 

 “While the creditor has the right to subject the mortgaged property to the payment of the debt, as between the legatees there is no such right. The debt as between them is a claim against the estate, and should be paid out of the general assets of the estate, and not out of the particular property mortgaged to secure it. The judgment in this respect is supported by Sharpless v. Gregg, 45 Iowa, 649.”
 

 In Wilts v. Wilts, 151 Iowa 149, 151, 154, 130 N. W. 906, 908, these pronouncements will be found:
 

 “The rule has long been established that where real estate has been specifically devised, a devisee, in the absence of contrary intention on the part of the testator, is entitled to have it exonerated from the mortgage placed upon it by the testator from the personal estate, if adequate, and, if not, from other property of the decedent. * * * The rule established in chancery generally prevails that property of decedent should be applied to the satisfaction of his debts in the following order, when neither statute nor the will prescribes a different order: (1) The personal estate, except specific bequests or such of it as is not.exempt from the payment of debts; (2) the real estate which is appropriated in the will for such pay
 
 *133
 
 ment; (3) the real estate descended; (4) real estate specifically devised.”
 

 In In re Estate of Dalton, 183 Iowa 1013, 168 N. W. 332, it was held that the administratrix may pay claims for interest on mortgaged real estate when claim therefor is filed. In re Will of Engels, 210 Iowa 36, 230 N. W. 519, reaffirmed the rule of the Wilts case. The case last noted dealt with claims filed and allowed, while in the ease at bar a claim was not only not filed but the holders expressly refused to file it. Thus is presented the question, whether in such situation the administratrix with will annexed can be made to resort to the general .assets of the estate (here all the real estate) to pay the mortgage against one of the devised parcels. In re Estate of Brackey, 166 Iowa 109, 147 N. W. 188, answers in the affirmative. This case contains a lengthy and instructive discussion of cases from other jurisdictions and our own decision in the Toner case, supra. We have not receded from the position there taken. Since the note under consideration was executed by the testator there can be no question but that it was his debt; and, since the mortgage was placed on the real estate by him, we are not concerned with what the rule would have been had he acquired the land subject to a lien he did not assume to pay.
 

 We conclude that the court was in error in denying the relief asked for by plaintiff except insofar as it failed to compel the holder of the note to file it as a claim against the estate. Under our repeated decisions the holder of a note secured by mortgage has his election as to whether he will file his claim or depend upon the security of the mortgage; but the trial court can and should under the facts of this case order the administratrix with will annexed to discharge the mortgage debt from the general estate (here all the real estate devised by the will). The case is accordingly reversed and remanded for further proceedings in conformity herewith. — Reversed .and remanded.
 

 Bliss, Oliver, Hale, Hamilton, Miller, and Stiger, JJ., concur.