JOHN B. BROWN, executor, *vs.* CYNTHIA M. BARON, appellant.

Middlesex.     March 23, 1894. — June 23, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Exoneration of Specific Devise from Mortgage — Effect of Residuary Devise to Executor with Power to Sell — Rents of Realty devised to Executor — Account — Estoppel — Mistake.*

Real estate specifically devised is, in the absence of a contrary intention on the part of the testator, exonerated from a mortgage placed upon it by him, though the personal estate may be insufficient for the payment of general legacies.

A residuary devise to the executor, with power to sell the real or personal estate, does not first vest in him the mere power to sell to create a fund for the payment of debts and legacies, with the right to have what may remain, but vests in him at once the title to the residue, with authority to sell any or all of the estate, and apply it to the payment of debts and legacies, and until a sale the rents and profits belong to him as residuary devisee.

An executor who, in his first account, erroneously charges himself with the rents of real estate to which he was himself entitled as residuary devisee, is not estopped from showing the mistake, and having it corrected.

APPEAL, by Cynthia M. Baron, a legatee under the will of Mary Merriam Abbott, from a decree of the Probate Court, dated May 23, 1893, allowing the first account of the executor. The case was heard by *Knowlton*, J., upon the decree of the Probate Court, the objections thereto, and an agreed statement of facts, in substance as follows.

Mary Merriam Abbott died on February 5, 1892, leaving a will, dated December 26, 1885, which was duly admitted to probate, and which, after various small bequests, by clause fourteen gave a legacy of $8,000 to Maria M. Brown, a sister of the testatrix, and by clause fifteen a similar legacy to another sister, Cynthia M. Baron, the appellant. By clause eighteen she gave to her nephew, John B. Brown, who was the executor of the will, "the land and the buildings thereon situated on the corner of Moody and Austin Streets in the city of Lowell." By clause twenty-five she gave to her executor "full and free power to sell any or all of my real or personal estate, whenever, in his judgment, it may be deemed by him advisable to do so, without any more power than is contained in this will; and in the event of the amount realized from the sale of the said estate being insufficient to pay the legacies hereinbefore mentioned, then the amounts, eight thousand dollars each, in the fourteenth and fifteenth paragraphs, left respectively to my sisters, Maria M. Brown and Cynthia M. Baron, shall be equally reduced to make good the amounts left in the other legacies. But in the event of the amount realized from the sale of my said real and personal estate being more than sufficient to pay the legacies hereinbefore mentioned, then I give, devise, and bequeath the excess from such sale, and all the rest and residue of my estate, real, personal, or mixed, of which I shall die seised and possessed, to my nephew, John B. Brown, to have and to hold the same to him, his executors, administrators, and assigns forever."

At the time of the death of the testatrix the property on Moody Street was subject to a mortgage, which had been given by the testatrix and a sister who had died before her, leaving the testatrix as her residuary devisee, to the Mechanics' Savings Bank of Lowell, to secure a note given to it for the sum of three thousand dollars borrowed by them.

The executor paid the sum of one hundred and fifty dollars as interest on the mortgage note, and also the further sum of four hundred dollars on account of the principal of the note, and charged these sums in his account. He also collected $69.17 as rent on the estate of the testatrix on Bridge Street, which by mistake he credited in his first account as belonging to the estate. This item was subsequently stricken from the account

by the auditor to whom it was referred for revision, on the
ground that the Bridge Street property belonged to the execu-
tor as residuary legatee or devisee, until sold for the payment
of the debts and legacies, and that meanwhile he was entitled to
the rents thereof.

The estate of the testatrix was insufficient for the payment in
full of the two legacies of eight thousand dollars each to her sis-
ters, and if the mortgage indebtedness were paid therefrom the
surplus available to pay those legacies would be still smaller.

The appellant objected to the decree because of the allowance
in the executor's account of the sums paid by him on account
of the principal and interest of the mortgage, and because of the
allowance to the executor as residuary legatee of the rents of
the Bridge Street property. The judge was of opinion that the
decree ought to be affirmed, but, at the request of the appellant,
reported the case for the consideration of the full court.

*H. P. Fellows*, for the appellant.

*J. F. Haskell*, for the appellee.

MORTON, J. The appellant objects to the payments made by
the executor on account of the mortgage on the Moody Street
property, and also insists that the rents of the Bridge Street
estate do not belong to the executor as residuary legatee, but
belong to the heirs at law, or to the estate.

By the eighteenth clause of the will of Mary Merriam Abbott,
the Moody Street property was specifically devised to John B.
Brown, the executor. At the time of the death of the testatrix
it was subject to a mortgage which had been given by the tes-
tatrix and her sister to the Mechanics' Savings Bank of Lowell
to secure a note given to it for money borrowed by them. There
is nothing in the will indicating an intention on the part of the
testatrix that the devisee should pay the mortgage, or that any
different course should be pursued in the payment of that debt
from that pursued in the payment of her other debts. There is
a provision that certain legacies shall abate in case of a defi-
ciency, which would imply that the devise and legacy to the
executor are not to be diminished. And we see nothing to take
the case out of the well settled rule in this Commonwealth, that
the devisee of specific real estate is entitled, in the absence of
a contrary intention on the part of the testator, to have it exon-

erated from a mortgage placed upon it by the testator, even though the personal estate is insufficient to pay general legacies. *Hewes* v. *Dehon,* 3 Gray, 205. *Plimpton* v. *Fuller,* 11 Allen, 139. *Towle* v. *Swasey,* 106 Mass. 100. *Farnum* v. *Bascom,* 122 Mass. 282. *Richardson* v. *Hall,* 124 Mass. 228. *Morse* v. *Bassett,* 132 Mass. 502. *Creesy* v. *Willis,* 159 Mass. 249.

By the twenty-fifth clause of the will the executor is made residuary legatee, and is given power as executor to sell any of the real or personal estate. The Bridge Street estate formed part of the rest and residue, and the title therefore vested in the executor, subject to be devested by a sale, and until a sale the rents and profits belonged to the executor as residuary legatee. *Gibson* v. *Farley,* 16 Mass. 280. *Newcomb* v. *Stebbins,* 9 Met. 540. *Almy* v. *Crapo,* 100 Mass. 218. *Brooks* v. *Jackson,* 125 Mass. 307, 310.

The effect of the residuary clause was not to vest in the executor first the power to sell to create a fund for the payment of debts and legacies, and then to give him what might remain ; but it was to vest in him individually the title to the residue, with authority as executor to sell any or all of the estate, and apply it to the payment of debts and legacies. *Brooks* v. *Jackson,* 125 Mass. 307, 310.

Upon discovering that he had mistakenly charged himself in his first account with the rents of the Bridge Street estate, he was entitled to have the error corrected. He will be presumed to have been in possession as devisee, and not as executor, and there is nothing in the fact that he included the rents in his account as executor to estop him from showing that it was a mistake. *Newcomb* v. *Stebbins, ubi supra.*

*Decree affirmed.*