# Anna Riegelman's Estate.    Elizabeth Fenstermacher's Appeal.

*Decedents' estates—Decedents' debts—Personalty—Real estate.*

The personal estate of a decedent is the primary fund for the payment of all debts of the decedent, and this rule is so rigid that the charging the real estate for payment of debts is not of itself sufficient to exempt the personal estate, unless the intention appear to not only charge the real estate but to discharge the personalty.

A widow agreed in writing to purchase from her husband's administrator certain real estate, covenanting to pay the purchase money; the conveyance to be subject to one third as dower for the widow until after her decease. The dower thus charged was that of the purchaser as widow of the deceased. The widow paid ten per cent of the purchase money, and subsequently died. By her will she gave her real estate to one daughter, and directed that her personalty, with the exception of a small legacy, should be equally divided between her two daughters. *Held,* that the executor was bound to pay out of the personal property the balance of the purchase money and the principal of the dower.

Argued March 8, 1896. Appeal, No. 220, July T., 1895, by Elizabeth Fenstermacher, from decree of O. C. Berks Co., April T., 1895, No. 17, overruling exceptions to adjudication. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exception to adjudication.

The facts appear by the opinion of BLAND, P. J., which was as follows:

The decedent, the widow of Benjamin Riegelman, died on the 5th day of November, 1894, testate, having by her last will and testament directed and provided as follows:

" I order that all my just debts and all my funeral expenses, and all other cost and expenses be paid as soon as conveniently after my decease, out of the first monies that shall come into the hands of my hereinafter named executor. . . . Item. I give and bequeath to my daughter, Mary M. Seip, all my real estate in the Borough of Lenhartsville, or her heirs and assigns. Item. I give and bequeath to Anna Maria Eberly, one of my daughter's daughter, the sum of one hundred dollars. , And the balance of my personal effects shall be equally divided between my two daughters, Elizabeth Fenstermacher and Mary Magdalena Seip, share and share alike."

The real estate of the decedent in the borough of Lenhartsville consisted of a house and lot for which she had no deed, but in which she had the equitable title, under articles of agreement in writing, dated the 12th day of April, 1894, wherein John B. Seip, administrator of Benjamin Riegelman, her deceased husband, was vendor, and she the vendee, and which articles were duly executed by both parties. They recite the consideration of nineteen hundred ($1,900) dollars, and acknowledge the receipt of ten per cent, of the purchase money, to wit: One hundred and ninety ($190) dollars on account of the consideration.

The agreement contains the following clauses:

" 3. The purchaser shall have a proper conveyance, at his own expense, including acknowledgment, on payment of the remainder of the purchase money, and possession will be given on completion of the purchase, at the time fixed for the payment of the balance of the purchase money. But if from any cause,

the remainder of the purchase money shall not be paid on the first day of July next aforesaid, the purchaser shall pay interest at the rate of six per cent per annum from that day to the day of payment; but nevertheless this stipulation to be without prejudice to the vendor's right to insist on the performance of this condition.

\* \* \* \* \* \* \* \*

"5. Upon failure to comply with the above conditions, the money deposited shall, at the expiration of the time before limited, become forfeited to the vendor, who shall then be at full liberty, with or without notice, to resell the property; and if on such resale there should be any deficiency, the purchaser at this sale neglecting to comply with these conditions shall make good such deficiency to the vendor, and all expenses attending such resale.

"Subject to one third as dower for the widow till after her decease."

The dower charged was that of Anna Riegelman, the purchaser, as the widow of Benjamin Riegelman.

While the account of John B. Seip, administrator of Benjamin Riegelman, was pending before this court, and before he had made a deed to this decedent, she died, testate, as above stated, and named the said John B. Seip as the executor of her will. He proved the will and took out letters testamentary, and filed an inventory of the personal estate of the decedent, amounting to $3,628.40. As stated above, this decedent paid but ten per cent, $190, of the purchase money of $1,900, which she contracted to pay, leaving a balance of $1,710 due upon the articles of agreement. For this amount the accountant has taken credit in two items, as follows:

Real estate purchased by Anna Riegelman, . $1,167.14
Widow's dower on same, . . . . 542.86

The $1,710 is thus divided up because, upon the adjudication of the account on the estate of Benjamin Riegelman this court fixed the amount chargeable as dower of Anna Riegelman at $542.86, though as I view the liability of the estate of Anna Riegelman, on her written contract to pay $1,900, it was not necessary to take any notice of the dower, for the reason that her death eliminated that feature, and the liability of her estate arose entirely upon the articles of purchase.

Exception has been taken by Elizabeth Fenstermacher, one of the residuary legatees, to those credits; to the credit of $1,167.14, on the ground that the death of this decedent relieved her and her estate from all liability for the balance of the purchase money of $1,710; and to the credit of $542.86, on the further ground that the court had ascertained that as the amount of Anna Riegelman's dower, and that, as to that there is no personal liability—the remedy for the same being as to Anna Riegelman and her estate, restricted to the land.

I cannot agree with the learned counsel of the exceptant in either one of these positions. There is nothing before me but the articles of agreement, by which this decedent contracted to purchase the real estate for a certain consideration—ten per cent of which she paid in her lifetime. Her liability at her decease was a purely personal one for the balance of the purchase money. The fact that under the law she, as widow of Benjamin Riegelman, was entitled to have one third of the purchase money charged on the property as her dower during her lifetime did not vary her personal liability to pay the whole purchase money, in the event of her decease before the transaction was completed by a deed to her, charging the dower; and I do not think it would make any difference, as between the devisee and residuary legatees, under the circumstances of this case, if it had been so completed. It is true, as contended by the learned counsel of the exceptant, that the law charged the dower at the death of Benjamin Riegelman, but it is also true that Anna Riegelman entered into a personal covenant to pay the whole purchase money of $1,900; and that the transaction stood in that form at her decease. In the view I take of this case, Anna Riegelman was, at her death, indebted to the administrator of Benjamin Riegelman, on her contract, in the sum of $1,710. The personal estate is the primary fund for the payment of all debts of a decedent, and this rule is so rigid that "the charging the real estate, ever so anxiously, for payment of debts, is not of itself sufficient to exempt the personal estate. In order that the personal estate may be exonerated the intention must appear not only to charge the real estate, but to discharge the personal:" Hawkins on Wills, 287. And this is not only true as to debts, but it is also true as to legacies. In Hanna's Appeal, 31 Pa. 57, LEWIS, C. J., said:

" The personal estate is the primary fund for the payment of legacies. It is not relieved from liability in the first instance by a direction in the will making the legacies a charge on the real estate, unless that intention be indicated by the testator. When assets are received by the executor sufficient to cover the expenses of administration, satisfy debts and pay legacies the real estate is discharged from further liability." In McGlaughlin v. McGlaughlin, 24 Pa. 22, LOWRY, J., said : " On a question of marshaling assets under a will, the residuary clauses necessarily furnish most important evidence of the intention of the testator : because they dispose of the surplus that remains after satisfying all the other directions of the will. On this account it is very natural to presume that the testator intends to charge upon them all the deficiencies in the other portions of his estate in paying debts and legacies ; and hence it is very generally decided that debts and legacies not otherwise effectively or specially provided for fall upon the residuary devisees and legatees." The law places upon the personalty not only the primary duty of paying general debts and legacies, but of exonerating the realty devised from mortgages and other liens of the testator ; and so rigorous is this rule that if lands be devised expressly subject to a mortgage, the personalty is still primarily liable, and the recourse to the land is only secondary : Hawkins on Wills, 278, 279. It was strenuously argued by the learned counsel of the exceptant that Anna Riegelman bought the premises charged with her dower, and that the rule that personalty must relieve real charges, does not apply to any such charges existing on the estate at the time it was acquired by the testator. But in this case we have the written covenant of Anna Riegelman to pay the $1,900 ; and where that is the fact there is a liability to exonerate from prior charges. This conclusion is clearly deducible from Hoff's Appeal, 24 Pa. 200 ; Lennig's Estate, 52 Pa. 135 ; Metzgar's Appeal, 71 Pa. 330 ; Merriman v. Moore, 90 Pa. 78, and Hirst's Appeal, 92 Pa. 491. The fact that the decedent held a mere equitable title under articles of agreement does not effect the duty of exoneration by the personalty. It would certainly seem very strange if it should. Under articles the vendee is the substantial owner, and the vendor is a mere trustee of the legal title for him. But the authorities are plain upon this subject.

In McCracken's Estate, 29 Pa. 426, it was decided that a balance due a vendor upon articles of agreement for the purchase and sale of land, assigned by the vendee to the testator, subject to the payment of the unpaid purchase money, is a debt against the estate of the latter, although the testator had entered into no express contract to pay it; and in Lamport v. Beeman, 34 Barbour's Sup. Court Reports, 247, JOHNSON, J., said : " This case, so far as the defendant Beeman is concerned, must turn wholly, I think, upon the question whether it is incumbent upon the executor or the devisee to pay the purchase money remaining unpaid upon the lands purchased by the testator and held by him by contract at the time of his death. It has been repeatedly, and I believe uniformly, held that the heir or devisee could compel the executors or administrators to pay off such a debt for his benefit, out of the assets in the hands of the latter: " [Dart on Vend. and Purch. 125 ; Broome v. Gray, 10 Vesey, 597 ; Livingstone v. Newkirk, 3 Johns Ch. 312; Cogswell v. Cogswell, 2 Edw. 231, and Johnson v. Corbett, 11 Paige, 265.]

My conclusion is that it was the duty of the accountant to pay the balance of the purchase money due upon the real estate, and that the credits taken for the same are correct. The exceptions of Elizabeth Fenstermacher to the said credits are accordingly overruled.

The court overruled exceptions to adjudication.

*Error assigned* was in overruling exceptions to adjudication.

*C. H. Ruhl*, of *Ermentrout & Ruhl*, *James H. Marx*, with him, for appellant.—The vendor of the land in controversy had defaulted and failed to perform his covenants for the reason that the time of conveyance, to wit, July 1, 1894, had passed without such conveyance or tender thereof having been made to the vendee. The vendor could not, therefore, call upon the vendee to perform her covenants, nor maintain an action at law for the recovery of the unpaid purchase money : Magaw v. Lathrop, 4 W. & S. 322 : Grace v. Regal, 11 S. & R. 352 : Stitzel v. Kopp, 9 W. & S. 31 ; Niagara Ins. Co. v. Fidelity etc. Co., 123 Pa. 522.

A court of equity would not decree specific performance of the contract in question : Bodine v. Glading, 21 Pa. 50 ; Kauff-

man's App., 55 Pa. 383; Dech's App., 57 Pa. 473; Smaltz's App., 99 Pa. 312; Wilkinson v. Colley, 164 Pa. 35; Williams' Executors 266; Garrett v. Action, 28 Beav. 333; Savage v. Carroll, 1 Ball & Beatte ; Buckmaster v. Barrop, 13 Ves. 456.

The devisee of land can demand payment of liens thereon out of the personal estate ·of the devisor only where the devisor was by personal obligation bound to pay such lien. The rule for such marshaling of the assets of the devisor has no application where the devisor acquired the lands with the lien upon it, and took the title cum onere: Hoff's App., 24 Pa. 200; Hirst's App., 92 Pa. 491.

The widow has an estate in the lands of her husband, and it vests eo instanti the husband dies: Luther v. Wagner, 107 Pa. 345; Baker v. Leibert, 125 Pa. 106.

*Richmond L. Jones, Adam H. Schmehl* with him, for appellee, cited: Lennig's Est., 52 Pa. 135; Metzgar's App., 71 Pa. 330; Merriman v. Moore, 90 Pa. 78.

PER CURIAM, March 27, 1896:

The decree in this case is affirmed on the opinion of the learned court below.