EDWARD L. TURNER, ADMINISTRATOR, *vs.* JESSIE LAIRD
ET AL.

Second Judicial District, Norwich, May Term, 1896. ANDREWS, C. J., TOR-
RANCE, FENN, BALDWIN and HAMERSLEY, Js.

A specific devise of land mortgaged by the testator to secure his own debt, *prima facie* imports an intention that such debt shall be satisfied out of the general personal assets; and this presumed intention is fortified by a direction in the will to the executor, to pay all just debts and funeral expenses out of the estate.

The omission of the mortgagee to present his claim against the estate within the time limited, does not, as between the devisee of the mortgaged property and the executor, discharge the latter from his obligation to pay the mortgage debt.

The will in question contained a residuary devise and bequest of what might remain "after the payment of my said debts and funeral expenses, and the preceding legacies and devise." All the personal estate was consumed in paying unsecured debts, legacies and charges of settlement. *Held* that this language charged the residuary real estate with the payment of all debts which the personal estate was insufficient to satisfy, including the mortgage debt on the land specifically devised.

Section 556 of the General Statutes providing for contribution from other legatees or devisees when a part of the estate devised is taken for the payment of debts, applies only when the will is silent as to the mode of payment, or when its intent is uncertain.

[Argued May 27th—decided June 25th, 1896.]

SUIT to determine the construction of the will of Robert Balfour of Norwich, deceased; brought to the Superior Court in New London County and reserved by that court, *Thayer, J.,* upon the facts stated in the complaint, for the consideration and advice of this court.

The parts of the will particularly brought in question were the ninth, tenth and eleventh articles, which were printed in the report of the case of *Turner* v. *Balfour,* 62 Conn. 89, 90. By the ninth article, " the Geer house" was devised to the testator's grandson Robert Balfour, in fee, subject to a life estate in his widow. By the tenth, half of his residuary estate was left to a son for life, remainder to the same grandson, in fee, and the other half to another son, in fee. By the eleventh, in case Robert Balfour should die, leaving no issue, " his share" was given to the testator's " six children, share and share alike."

All the personal estate was consumed in paying debts, legacies, and charges of settlement. The " Geer house " and a store building forming part of the residuary estate, were each subject to a mortgage made by the testator after the execution of his will, to secure his note to a savings bank for a sum less than half the value of the property so mortgaged. No claim on these notes was ever presented against the estate, and the time limited for the presentation of claims had expired; but one payment of interest on the " Geer house " mortgage was made by the administrator, before the time so limited had expired. Interest on both mortgages had been fully paid by the administrator. Robert Balfour died without issue, during the life of the widow.

The questions presented were whether either or both these mortgages ought to be paid off by the administrator, and if so, out of what funds. The case was reserved for the advice of this court, on the complaint and answers.

When the record was opened, ANDREWS, C. J., inquired if these questions could not have been made when the will was previously before the court for construction. Counsel stated that the facts on which they arose were not then known to the parties; and after consultation the court decided that the case might be heard.

*Gardiner Greene, Jr.,* for Jessie Laird *et al.*

*Solomon Lucas,* for Rosetta Balfour *et al.*

BALDWIN, J.   A specific devise of land, mortgaged by
the testator to secure his own debt, *prima facie* imports an
intention that such debt shall be satisfied out of the general
personal assets.   *Hewes* v. *Dehon*, 3 Gray, 205.   In the case
at bar, this presumed intention, with respect to the " Geer
house," finds additional support in the provision made by the
testator in the first article of his will, directing his executor
to pay all his just debts and funeral expenses and the legacies
subsequently given out of his estate.   The word " debts,"
in such a connection, includes mortgage debts.   *Bishop* v.
*Howarth*, 59 Conn. 455, 465.

That the holders of the mortgages in question did not pre-
sent their claims against the estate, did not, as between the
executor and the devisees of the mortgaged property, dis-
charge his obligation to pay them off.   The extent of the
testator's bounty to his grandson could not be thus reduced
by the acts or omissions of third parties.   The plaintiff's
duty was the same as if the devise of the " Geer house " had
been followed by an express direction that any mortgage
upon it should be paid by the executor.   A payment thus
required is made to effectuate a gift from the testator to the
devisee.   It may be also the satisfaction of a claim legally
presented.   It may, on the other hand, be made to a creditor
who does not wish to receive it, but prefers to let the debt
remain on interest, and rely on his collateral security for its
ultimate discharge.

The residuary devise and bequest was of what might
remain " after the payment of my said debts and funeral
expenses, and the preceding legacies and devise." This lan-
guage charged on the residuary real estate all debts which
the personal estate was insufficient to satisfy.   Enough of
the residuary real estate must therefore be sold to discharge
the mortgage on the " Geer house."   That on the store build-
ing should be satisfied in the same way, unless the residuary
devisees otherwise agree.

Section 556 of the General Statutes which provides that
when any estate devised shall be taken for payment of debts,
a contribution shall be due from the other legatees or de-

visees, applies only when the will is silent, or its intent uncertain. Here the estate taken is residuary estate, and the testator required the debts to be paid before the residue was formed.

The Superior Court is advised that it is the duty of the plaintiff to pay the mortgage on the " Geer house," and, if requested by any of the residuary devisees, that on the store building; and that the requisite funds should be raised by sale of so much as may be necessary of the residuary real estate.

In this opinion the other judges concurred.