EDWARD J. BULKLEY, EXECUTOR, vs. CAROLINE M. SEY-
MOUR ET AL.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A mortgage debt resting upon land specifically devised is to be paid from the general personal assets of the estate, unless a contrary intention appears in the will.

Argued January 9th—decided January 29th, 1902.

SUIT to determine the construction of the will of Nancy

D. Rhodes of Wethersfield, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Case, J.,* upon a finding of facts, for the consideration and advice of this court.

The third and fourth clauses of the will, concerning which the questions in the case arise, read as follows:

" Third. I give and bequeath to Harry R. Burr the house and lot adjoining my homestead, to be his forever, but subject to the control of my executor hereinafter named, until said Harry R. Burr reaches the age of twenty-one years.

"Fourth. I give and bequeath the Billings place, so called, north of Silas W. Robbin's store, to Caroline M. R. Seymour of Hartford, Lewis C. Seymour, Edith C. Seymour, Albert H. Seymour, and Florence B. Seymour, all of Hartford, to be theirs forever."

The devisee named in the third clause of the will is a grandson of a brother of the testatrix; and the devisees named in the fourth clause are strangers in blood to her.

The will was executed in June, 1899, and the testatrix died in March, 1900, leaving real estate inventoried at $6,650, and personal estate inventoried at $13,726.84.

The will contains no clause disposing of the residuum of the estate. After the payment of all debts, legacies, charges and expenses of settling the estate, there remain in the executor's hands three pieces of real estate, specifically devised by the will, and the sum of about $6,500 in money undisposed of by the will.

Upon the real estate devised in the third clause of the will is a mortgage for the principal sum of $550, made by the testatrix in April, 1897, to secure her note for that sum, payable to Edward C. Woodhouse, trustee, on demand with interest; and upon the real estate devised by the fourth clause is a mortgage for the principal sum of $1,900, made by the testatrix in July, 1896, to the Mechanic's Savings Bank of Hartford, to secure her note for said sum payable on demand with interest.

Of the amount of the inventoried personal estate of the testatrix, a large part, to wit, $13,365.35, was never in her

actual possession during her lifetime. It came to her in 1895 under the will of her sister, Caroline Billings, subject to the.life use of the husband of said sister, and was in his possession and use till his death in May, 1900, and thereafter in due time was turned over to the executor of Mrs. Rhodes.

The sole question made in the case is whether the lands devised in the third and fourth clauses of the will are devised subject to the respective mortgages thereon, or whether said mortgages should be paid by the executor out of the general assets of the estate.

*Charles M. Joslyn,* for the plaintiff.

*Harrison B. Freeman, Jr.,* for William H. Rhodes et al.

*George J. Stoner,* for the estate of Chauncey Rhodes.

*John A. Stoughton,* for Caroline Buckingham et al.

*Joseph L. Barbour,* for Caroline M. Seymour et al.

TORRANCE, C. J. In construing a will the object of the court is to ascertain the actual intention of the testator as expressed, explicitly or impliedly, in and by the words of the will. In the case at bar the question is whether the testatrix has, in the way above indicated, manifested an intention that the devisees should take the land in question burdened with the mortgage debt. The devises here in question are simply conveyances of the land described, unburdened by any mortgage indebtedness or anything else; and nowhere in the will is there any indication of an intent to limit the gift to the mere value of the equity of redemption. The expressed intent, rather, is that the devisees shall have the full benefit of the described land. Here, then, we have the case of a simple devise of land, which, at the time it takes effect, is subject to a mortgage to secure a debt of the testatrix. The rule in such cases is that the land passes to the

devisees exonerated from the mortgage debt, unless a contrary intention appears in the will; in other words, such a devise in such a will "*prima facie* imports an intention that such debt shall be satisfied out of the general personal assets." *Turner* v. *Laird*, 68 Conn. 198, 200 ; *Jackson* v. *Bevins*, 74 id. 96 ; *Hewes* v. *Dehon*, 3 Gray, 205 ; *Gould* v. *Winthrop*, 5 R. I. 319. The same rule has been applied to a specific devise of personalty pledged for a debt. *Johnson* v. *Goss*, 128 Mass. 433.

The case at bar comes within this rule. The testatrix has devised land specifically, and it is subject to a mortgage created by her to secure her own debt, and she has made no provision whatever in her will for the payment of the debt, nor does she therein indicate any intention that it is to be paid by the devisee. These are the material facts in the case, and there is nothing in the other facts found that affects or changes them, or makes the above rule inapplicable to them. Applying that rule to the case, the will in question must be held to manifest an intent that the mortgage indebtedness, resting upon the land specifically devised, should be paid by the executor as a debt of the testatrix out of the personal assets of the estate.

The Superior Court is advised to render judgment in accordance with the views herein expressed.

No costs in this court will be taxed for or against any of the parties.

In this opinion the other judges concurred.