AMELIA WILTS, Appellant, v. OTTO WILTS, FANNIE WILTS, HENRY WILTS, MARGARET SANTON, LIZZIE SANTON, LENA SANTON, SUSIE SANTON, HENRY SANTON.

**Wills:** SPECIFIC DEVISES: EXEMPTION FROM LIABILITY FOR DEBTS. A
1 devise to the widow of a testator of an undivided part of all his property, described as real, personal and mixed, is not a specific devise or bequest, and the widow can not therefore invoke the rule exacting the exoneration of specifically devised realty from the lien of testator's debts by resorting to other property.

**Same:** PAYMENT OF DEBTS: EQUITABLE APPLICATION OF REAL ESTATE.
2 In the absence of a statute or provisions of the will directing otherwise a decedent's property should be applied to the payment of his debts in the following order: First, the unexempted personalty, except specific bequests; second, the realty appropriated by the will for their payment; third, the real estate descended; fourth, real estate specifically devised.

Under this equitable rule the real property going to the heirs in this case should be applied to the payment of a mortgage covering the devised real estate before resorting to the realty devised to the widow.

*Appeal from Hardin District Court.*—HON. C. E. ALBROOK, Judge.

SATURDAY, APRIL 8, 1911.

SUIT for the construction of the will of John Wilts, deceased, wherein the widow claims one-third of the real estate after certain mortgages have been released. From a decree construing the will otherwise, she appeals. *Reversed.*

*Herbert A. Huff* and *Ward & Williams,* for appellant.

*Lundy & Wood* and *Chas. A. Rogers,* for appellees.

LADD, J.—John Wilts died testate September 5, 1908, seised of nearly a thousand acres of land and survived by his widow, Amelia Wilts, two sons, Otto and Henry Wilts, and the four children of a daughter, Vipke Santon. He left a will, executed December 8, 1904, in the first clause of which he directed "that all my just debts and funeral expenses shall by my executor hereafter named be paid out of my estate as soon after my decease as shall by him be found convenient." The second clause was as follows:

It is my will and I do hereby devise and bequeath to my beloved wife, Amelia Wilts, now living with me, one-third of all my property, both real, personal, and mixed, of which I shall die seised and possessed or to which I shall be entitled at the time of my decease, she to have and to hold the same as her own, for her own use, benefit and behoof forever. And I do hereby revoke a certain antenuptial contract made and entered into by my said

wife, and myself, before our marriage, on the 21st day of June, 1895, and recorded in the office of the recorder of deeds, in and for the county of Hardin and state of Iowa, in Book 140 of Deeds on page No. 442, it being now my desire, for the benefit of my said wife, to relinquish all benefit upon me conferred by the said antenuptial contract, and to hold the same null and void for her benefit as my wife.

By the terms of the antenuptial contract, the widow had relinquished all right of dower or interest in his property which might otherwise accrue to her upon his death. Upon admission of the will to probate, the widow elected to take thereunder. The personal property proved insufficient to discharge decedent's debts, among which were certain mortgages on real estate, and the controversy is whether these should be paid from the proceeds of the land generally, or of that portion which descended to the heirs. One of these mortgages in the execution of which the widow joined secures the payment of $5,700, on which $700 has been paid, and the other the payment of $1,800. The district court directed the sale of a quarter section of land, and that out of the proceeds thereof these mortgages, any other outstanding indebtedness, and the costs of administration be satisfied, and that the widow take one-third of any of the proceeds remaining together with one-third of the land not sold, and that Otto and Henry Wilts have two-ninths thereof each, and the four children one-eighteenth each.

I.    Appellant first contends that the devise to the widow is specific, and for this reason she is entitled to have the indebtedness · satisfied from the descended property. The rule has long been established that where real estate has been specifically devised, a devisee, in the absence of contrary intention on the part of the testator, is entitled to have it exonerated from the mortgage placed

1. WILLS: specific devises: exemption from liability for debts.

upon it by the testator from the personal estate, if adequate, and, if not, from other property of the decedent. *Brown v. Baron,* 162 Mass. 56 (37 N. E. 772, 44 Am. St. Rep. 331); *In re Riegelman's Estate,* 174 Pa. 476 (34 Atl. 120); *In re McCracken's Estate,* 29 Pa. 426. If, then, the devise was specific, the widow is entitled to have other property of decedent first resorted to for the satisfaction of the mortgages. To be specific, a gift, whether real or personal property, must be of a designated article or specific part of the testator's estate which is identified and distinguishable from other things of the same kind, which may be satisfied by delivery of the specific thing or portion. *Smith v. McKitterick,* 51 Iowa, 548; *Evans v. Hunter,* 86 Iowa, 413; *Davis v. Close,* 104 Iowa, 261.

At the common law all devises of real estate were regarded as specific. "Other devises of land, whether in particular or general terms, must of necessity be specific from the circumstance that a man can devise only what he has at the time of devising, . . . but it is quite different as to personal estate." *Howe v. Earl of Dartmouth,* 7 Ves. Jr. 147. A will was construed as speaking from the date of its execution, and so the lands which were intended to pass thereunder might be identified. The result of a sale or other disposition thereof was the same as when an article of personal property specifically bequeathed is adeemed—it is gone; and this is one of the criteria of specific legacy or devise. The fact that a devise of land was always specific seems to have been the real reason for placing lands devised after lands descended; in fact, in the class to be last charged with debts. Says Judge Redfield in his work on Wills, vol. 2, page 870: "The most obvious and the chief reason why descended estates have been held liable before devised estates is that every devise of real estate is regarded as specific." So it was held that "where the devise of the personal estate and also of the real is specific, both must contribute to

the payment of debts *pro rata.*" 2 Redfield on Wills, 870, 872. *Long v. Short,* 1 P. Wills, 403. It would seem that where real estate is by statute made an asset in the hands of the executor for the payment of the testator's debts, and the devise of real estate may become general, instead of specific, the general bequest of personalty and a general devise of realty would stand upon an equal footing, and on like grounds be required to contribute to the indebtedness *pro rata.* Our statute provides that property subsequently acquired may be devised when the intention of the testator is clear and specific. Section 3271, Code.

Here the language of the will leaves no doubt but that the testator intended to dispose of after-acquired real estate, and the evidence fails to show whether that left was acquired before or after the execution of the will. In executing the will, then, he could not well have known the real property in which he undertook to dispose of an undivided third, and in such a case the reason for saying all devises are specific fails. Necessarily the disposition of after-acquired land may be general, and would be in a case like this.

The subject was considered in *Re Estate of Woodworths,* 31 Cal. 595, the court, after quoting a statute authorizing the disposition of after-acquired property by will, saying: "Now, a will made under this provision, by which a party should devise all the land of which he should die seised or possessed, it is obvious, would have none of the characteristics before stated of a specific devise. A party might sell and convey land owned at the date of the will, and with the proceeds purchase others, and repeat the operation continually, and those lands, owned at the moment he should happen to die, would pass by the will; would take the place of those conveyed. Personal and real estate would stand upon the same footing in this respect; a devise of all one's personal, and all of one's real estate of which he should die possessed, would be equally

general, and operate precisely alike. The grounds upon which a devise of real estate was held to be always specific have ceased to exist. Judge Redfield says, with respect to the rule that all devises of real estate are necessarily specific: "But this only extends to the case of countries where the testator can only dispose by will of such real estate as he is seised of at the date of his will, and not where, as by the recent English statute, and those of most of the American states, one may dispose of all his real estate at the time of his decease, although acquired subsequent to the date of the will. In such cases the residuary clause in the will operating upon subsequently acquired land, no devise of real estate will be regarded as specific, unless it contain a description of the estate sufficient to enable the devisee to identify the same."

A like view was expressed in *Blaney v. Blaney,* 1 Cush. (Mass.) 107. In the will under construction, the devise was of only a part, namely, an undivided one-third, and this of all the decedent's property described as real, personal, and mixed, and clearly can not be regarded as either a specific devise or bequest. For this reason the widow may not invoke the rule exacting the exoneration of specifically devised realty from the lien of testator's debt by resorting to other property.

II. It is contended, however, and with more reason that, inasmuch as the remaining two-thirds of the estate was undisposed of by will, it should be resorted to first. The rule established in chancery generally prevails that

2. SAME: payment of debts: equitable application of real estate.

property of decedent should be applied to the satisfaction of his debts in the following order, when neither statute nor the will prescribes a different order: (1) The personal estate, except specific bequests or such of it as is not exempt from the payment of debts; (2) the real estate which is appropriated in the will for such payment; (3) the real estate descended; (4) real estate specifically de-

vised.  *Hays v. Jackson,* 6 Mass. 149; *In re Estate of Woodworths, supra; McCampbell v. McCampbell,* 5 Litt. (Ky.) 92 (15 Am. Dec. 48); *Chase v. Lockerman,* 11 Gill. & J. (Md.) 185 (35 Am. Dec. 277); *Stires v. Stires,* 5 N. J. Eq. 224 (43 Am. Dec. 626); *Robards v. Wortham,* 17 N. C. 173 (22 Am. Dec. 738; 3 Williams, Ex. (7th Am. Ed.) 214, 215); 19 American & English Encyclopedia of Law (2d Ed.) 1307, 1308; Rood on Wills, section 746.

Under this rule there can be no doubt that resort should have been had to the payment out of the realty undisposed of by will for the satisfaction of decedent's debts, and by all the authorities a mortgage on land executed by him must be regarded as one of these.   The court erred in not directing the payment of the mortgages from the proceeds of the residuary estate.  *Reversed.*