In the Matter of the Estate of ALF TALLACKSON BRACKEY, deceased, ALF BRACKEY, TOBIAS BRACKEY, NEAL BRACKEY, CARL BRACKEY and JOSEPH BRACKEY, Minors, by ALBERT A. BRACKEY, their father and next friend, and ALBERT A. BRACKEY, Appellants, v. L. A. JENSEN, Executor, Appellee.

Estates of decedents: MORTGAGE DEBTS: LIABILITY OF PERSONALTY. The personalty belonging to an estate is primarily charged, not only with payment of general debts and legacies, but is also charged with the duty of exonerating devised realty from mortgages and other liens, although expressly devised subject to mortgages. Thus where testator devised certain real property to a son for life with the remainder of his children in fee, and gave the balance of his estate, real and personal, to his children equally, the personalty was primarily liable for the payment of the testator's mortgage indebtedness on the devised realty.

Same. Ordinarily a mortgagee may waive his mortgage security upon the property of a deceased debtor and file a claim for the debt against his estate; but in so doing he must file his claim within the time and as required by law, unless for some equitable reason he is excused from filing it within the statutory period. This rule, however, does not apply where a devisee of specific real estate incumbered by mortgage applies to have the mortgage discharged out of the personal assets in the hands of the executor.

Same: INFANTS: ACTION BY NEXT FRIEND. A parent suing as a tenant for life of real estate, and for his children who take the remainder

in fee may maintain an action to have the mortgage indebtedness upon the real estate paid out of the personalty, although he is not designated in the petition as next friend of the children.

**Same:** INCUMBRANCE UPON LAND: LIABILITY OF PERSONAL ESTATE. Where a debt secured by mortgage upon real estate was not the debt of the mortgagor nor assumed by him, the mortgage constituted merely an incumbrance upon the land at the time he purchased it, and was not payable from the personal property of the owner of the land upon a settlement of his estate.

**Same:** DEBTS DUE FROM DEVISEE: SET OFF. An executor may off-set against the interest of a devisee the amount he may be owing the estate, but this cannot be done to the injury of others whose interests are not involved in the controversy. Thus a claim due the estate against the devisee of a life estate cannot affect the rights of the remaindermen in fee.

*Appeal from Winnebago District Court.*—HON. J. F. CLYDE, Judge.

FRIDAY, MAY 15, 1914.

ACTION to compel executor to discharge mortgages on property specifically devised, from personal property shown to be in the hands of the executor. Decree in favor of the executor. Applicants appeal.—*Reversed.*

*Senneff, Bliss & Witwer,* for appellants.

*T. A. Kingland,* for appellee.

GAYNOR, J.—At the time of his death, Alf Tallackson Brackey was the owner of the N. W. ¼ of section 16, township 99, range 23, Winnebago county, Iowa. This land was incumbered with two mortgages, one given to secure a note of $500, dated March 29, 1883, executed by one Thom. Allofson; the other to secure a note of $675, dated June 19, 1884. This last note was executed by testator, Alf Tallackson Brackey. These notes were never filed as claims against

the estate.   Brackey died April 19, 1909, leaving a will, the material provisions of which are as follows:

I, Alf Tallackson Brackey, of the county of Winnebago and state of Iowa, being of sound mind and memory and free to act do make, publish and declare this my last will and testament that is to say:

First.   I direct that all my just and lawful debts shall be first paid together with all expenses of burial and the expenses of administration upon my said estate.

Second.   I give and bequeath unto my beloved son, Albert A. Brackey, the northwest quarter (N. W. ¼), of section sixteen (16), township ninety-nine (99), north of range twenty-three (23) west of the 5th P. M., Winnebago county, Iowa, with all the appurtenances thereunto belonging, for the · term of his natural life, and that upon the death of my said son, Albert A. Brackey, then the aforesaid described real estate to descend to his children in fee.

Third.   After the legacy of my son for life and his children in fee aforesaid, then it is my wish that the remainder of all my estate both real and personal be equally divided between all of my lawful children including the one getting the specific legacy, then to share and share alike.

Fourth.   I hereby nominate and appoint L. A. Jensen, executor of this my last will and testament, and direct that he shall give bond in double the amount of said estate.

This action is brought by Albert A. Brackey, legatee in the will, and his children, against the executor named in the will, L. A. Jensen, for an order directing the executor to pay off said mortgages from the funds in his hands.   It appears that, at the time of the filing of this application, there were funds in the hands of the executor sufficient to make the payments.   The children of the testator, named in the third cause of the will, appeared and objected to the court's making such an order: First, on the ground that the mortgages had never been filed as claims against the estate, and that the mortgagees are not claiming payment of the mortgages from the personal estate of the decedent; second, the mortgages not having been filed as claims

against the estate, they are now barred, and no equitable ground has been shown for relief; third, a fair construction of the will shows that this land was devised to the applicants and his children, subject to the incumbrance, and that it was not the intention of the testator that this incumbrance should be paid from the personal estate; fourth, that one of the notes secured by one of the mortgages was not executed by decedent, and is therefore not his personal debt; fifth, that it is the duty of the applicant and his children, therefore, to take care of the mortgages upon the land devised to them; sixth, that Albert A. Brackey is indebted to the estate far in excess of the amount of the mortgages, and the indebtedness due from him to the estate cannot be collected. The application, so far as these mortgages are concerned, was overruled by the court. From this order, the applicants appeal.

The first clause of the will directs the executor to pay all just and lawful debts of the testator; that these be first paid. The will does not differentiate between secured and unsecured debts. The only limitation upon the debts, which the executor is required to first pay, is that they be just and lawful debts. The second note, dated June 19, 1884, was given by the testator for money borrowed from Winnebago county. It was his debt at the time he gave the note, and was his debt at the time of the making of the will, and at the time of his death. True, it was secured by a mortgage upon the land devised to these applicants, but that does not relieve it of its character as debt. The first note did not evidence a debt of the testator. So far as this record shows, he, in no way, assumed any personal obligation for that debt. It was simply an incumbrance upon the land devised. As to the second note, this was his personal debt, and there is nothing in the will itself indicating that it was the intention of the testator that the devisees should pay this debt; that he should be required to pay it rather than any other debt; nothing to indicate that any different course should be pur-

sued in the payment of this debt than would be pursued in the payment of any other debt by the executor.

The doctrine was recognized in *Wilts v. Wilts,* 151 Iowa, 149. In this case it was claimed that a specific devise was made to the wife, and therefore an incumbrance upon the devised property should be discharged from the personal assets. In that case it was said: "Appellant first contends that the devise to the widow is specific, and for this reason she is entitled to have the indebtedness satisfied from the descended property. The rule has long been established that where real estate has been specifically devised, a devisee, in the absence of a contrary intention on the part of the testator, is entitled to have it exonerated from the mortgage placed upon it by the testator from his personal estate, if adequate, and, if not, from other property of the decedent. . . . If, then, the devise was specific, the widow is entitled to have other property of decedent first resorted to for the satisfaction of the mortgages."

The law places upon the personalty not only the primary duty of paying general debts and legacies, but of exonerating the realty devised from mortgages and other liens of the testator; and so rigorous is this rule that if land be devised expressly subject to a mortgage, the personalty is still primarily liable, and the recourse to the land is only secondary. See Hawk on Wills, 278, 279.

1. Estates of Decedents: mortgage debts: liability of personalty.

The residuary clause is important to be considered, and furnishes evidence of the intention of the testator, because this disposes of the surplus that remains after satisfying all other conditions of the will. It is natural, then, to presume that the testator intends to charge upon them all the deficiencies, in the other portions of his estate, in paying debts and legacies. Hence arises the rule that debts and legacies, not otherwise effectually or specifically provided for, fall upon the residuary legatees or devisees. The personal estate is a

primary fund for the payment of all debts of decedent, and, in order that the personal estate may be relieved, the intention to relieve it must appear affirmatively in the will. This applies to general legacies as well as to debts. As exemplifying this doctrine, see *Brown v. Baron*, 162 Mass. 56 (37 N. E. 772, 44 Am. St. Rep. 331); *Plimpton v. Fuller*, 11 Allen (Mass.) 139; *Hewes v. Dehon*, 3 Gray (Mass.) 205, in which it is held that, in the absence of a contrary intention on the part of the testator, the devisee of specified real estate is entitled to have it exonerated from a mortgage placed upon it by the testator, even though the personal estate is insufficient to pay general legacies.

In *Lamport v. Beeman*, 34 Barb. (N. Y.) 247, the court said: "This case, so far as the defendant Beeman is concerned, must turn wholly . . . upon the question whether it is incumbent upon the executor, or the devisee, to pay the purchase money remaining unpaid, upon the lands purchased by the testator and held by him by contract at the time of his death. It has been repeatedly, and I believe uniformly, held that the heir or devisee could compel the executors or administrators to pay off such a debt for his benefit, out of the assets in the hands of the latter."

*In re McCracken's Estate*, 29 Pa. 426, it was held that a balance due a vendor, under articles of agreement for the purchase and sale of land, assigned by the vendee to the testator, subject to the payment of unpaid purchase money, is a debt against the estate of the latter, although the testator had entered into no express contract to pay it.

In *Turner v. Laird*, 68 Conn. 198 (35 Atl. 1124), the court said: "A specific devise of land, mortgaged by the testator to secure his own debt, prima facie imports an intention that the debt shall be satisfied out of the general assets" —citing *Hewes v. Dehon, supra*. "In the case at bar, this presumed intention, . . . finds additional support in the provision, made by the testator in the first article of his will, directing his executor to pay all his just debts and funeral

expenses and the legacies subsequently given out of his estate. The word 'debts' in such a connection includes mortgage debts"—citing *Bishop v. Howarth*, 59 Conn. 455 (22 Atl. 432). The residuary devise and bequest was what might remain "after the payment of my said debts and funeral expenses and the preceding legacies and devises." This language charged on the residuary real estate, "all debts which the personal estate was insufficient to satisfy," and it was there held that enough of the residuary real estate should be sold to discharge the mortgage on the property specially devised. As bearing upon this question see *Black v. Black*, 40 Iowa, 88; *Sharpless v. Gregg*, 45 Iowa, 649; *Wilts v. Wilts*, 151 Iowa, 149.

In *Higbie v. Morris*, 53 N. J. Eq. 173 (32 Atl. 372), we find the rule, contended for by appellant, thus stated: "On reading this will with the sole object of discovering the mind of the testatrix, and without regard to any legal rules which may have been established for the construction of such instruments, these two purposes seem to be plainly implied: one, that all just debts should be paid out of her money and negotiable securities; the other, that her granddaughter should have, not necessarily, an absolute title to the Plainfield property, but the right, title, and interest of the testatrix therein. When we remember that the right, title, and interest of the testatrix in the . . . property consisted of the fee incumbered by two of her just debts, a doubt at once arises whether she intended those debts to be included among the debts that were to be paid out of her money and negotiable securities, or intended them to remain charged upon the . . . property only. The most satisfactory solution of the doubt thus engendered is found in the legal rule that the personal estate of a testator is the primary fund for the payment of his debts, even though the debts be secured by mortgage upon his realty, and that the personalty will not be exonerated from this primary liability merely because the testator has evinced a purpose to charge his debts upon his real estate, unless he has clearly

indicated an intention to discharge his personalty therefrom"
—citing authorities. The court further says: "While, there-
fore, this will does not show that the testatrix intended that
her granddaughter should have the . . . property dis-
charged of the mortgage debts, it cannot be said to show that
she designed to have her personal estate relieved of its legal
liability as a primary fund for the payment of these debts;
and consequently the residuary legatee can take only so much
personal property as may be left after the mortgages are
satisfied." See, also, *In re Riegelman's Estate,* 174 Pa. 476
(34 Atl. 120); *In re McCracken's Estate,* 29 Pa. 426; *Mc-
Guire v. Brown,* 41 Iowa, 650; *Bulkley v. Seymour,* 74 Conn.
459 (51 Atl. 125), reported in 92 Am. St. Rep. 229.

The mortgagee may waive his mortgage and pursue the
debtor upon his obligation to pay. That is, he may sue upon
the note to secure which the mortgage was given and waive

2. Same.
the security. So a mortgagee having a debt
against an estate may file his debt as a claim
without pursuing the land pledged as security for the debt.
Of course, if the mortgagee seeks to enforce his claim against
the estate and waive his mortgage, he must file his claim as
required by law, and within the time provided by law, unless
some equitable reason is shown why it was not filed before
the expiration of the period allowed for filing claims. But
this rule does not apply where a devisee of specific real
estate, which is incumbered by a mortgage, applies to have the
mortgage discharged out of the personal assets in the hands
of the executor.

As stated in *Turner v. Laird, supra:*

That the holders of the mortgages in question did not
present their claims against the estate did not, as between the
executor and the devisees of the mortgaged property, dis-
charge his obligation to pay them off. The extent of the
testator's bounty to his grandson could not be thus reduced
by the acts or omissions of third parties. The plaintiff's
(executrix's) duty was the same as if the devise . . . had

been followed by an expressed direction that any mortgage upon it should be paid by the executor. The payment thus required is made to effectuate a gift from the testator to the devisee. It may be, also, the satisfaction of a claim legally presented. It may, on the other hand, be made to a creditor who does not wish to receive it, but prefers to let the debt remain on interest, and rely on his . . . security for its ultimate discharge.

If the proceeding here were not to be tolerated, then the rights of the devisee could be defeated by the act of the mortgagees in failing to file their claims within the time fixed by statute.

As said in *Toner v. Collins,* 67 Iowa, 369:

The debts which the executor, by the judgment of the circuit court, is directed to pay out of the general estate were created after the execution of the will, and were secured by mortgage on the property devised. . . . While the creditor has the right to subject the mortgaged property to the payment of the debt, as between the legatees there is no such right. The debt as between them is a claim against the estate, and should be paid out of the general assets of the estate, and not out of the particular property mortgaged to secure it.

We think that section 3349 of the Code does not govern rights of the parties to this suit. It relates only to the rights of a creditor seeking to enforce his claim against the estate in the hands of the executor.

It is next contended that this action is brought by Albert A. Brackey in his own right; that his children, who take the fee subject to his life estate, are not properly parties to the suit, for the reason that Albert A. is not the legal guardian of these children, and has no authority to bring a suit in their name. The record discloses that he is the father of these children. Section 3480 provides: ''The action of a minor must be brought by his guardian, if he has one, if not, by his next friend, but the court may dismiss it if it is not for his benefit, or may substitute a guardian or another person as [his] next friend.''

3. SAME: infants: action by next friend.

While Albert A. does not designate himself as next friend of his children, we are justified in assuming that he sustains that relationship, and that this action in their behalf is brought by him as their next friend, and is therefore properly brought, and that they are properly before this court with whatever rights they have in the premises, and are entitled to protection. They invoked the rule hereinbefore stated. They ask an order requiring the executor to discharge the mortgages, upon the property specifically devised to them, from the personal property in the hands of the administrator, which, otherwise, would go to the residuary legatees. We think they are entitled to the relief prayed for, to the extent of the note for $657, with interest, dated June 19, 1884, and executed by the testator. This note evidences a debt of the testator, and is therefore properly payable out of his estate, and these complainants have a right to so insist.

The other note executed by Thom. Allofson, dated March 29, 1883, was not a debt of the testator, but was secured by a mortgage which was an incumbrance upon the land at the time he purchased it. We think as to this note the applicants are not entitled to the relief prayed for. It does not appear that the testator assumed this note as a personal obligation, or that he, in any way, became personally bound to pay it. It is therefore simply an incumbrance upon the land, and not payable out of the personal estate of the testator.

4. Same: incumbrance upon land: liability of personal estate.

It is next contended that Albert A. Brackey is indebted to the estate in a sum far in excess of the amount due upon these mortgages, and that a right therefore rests in the executor to offset it against any claim which he may have. He has simply a life estate in the property devised. It appears from the record that he has incumbered this for more than its value. It is true, as contended for by appellee, that the executor has the right to set off, against a devisee, debts owing by the devisee to the estate. This right cannot be made effectual to the dis-

5. Same: debts due from devisee: set-off.

paragement of the rights of others whose interests are in no way involved in the controversy. These children have a right to have these mortgages discharged from the personal estate. They are not indebted to the estate in any way, so far as this record discloses. Whatever claim the administrator has against Albert A., he has undoubtedly the right to offset it against the bequest made to him, but not otherwise. The life estate of Albert A. Brackey, if he retains any tangible interest therein, may be subjected to the estate's claim in a proper proceeding. We do not think it can be imposed here as against the claims of these minors. They are entitled to the relief prayed for, and we think the court should have granted it.

The case is therefore reversed and remanded, with direction to the court to require the administrator to discharge the note dated June 19, 1884, from the personal estate in the hands of the executor. The decree is therefore—*Reversed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.